**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TIMOTHY MAYO, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-935 |
| v. | (JUDGE CAPUTO) |
| CITY OF SCRANTON, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is plaintiff Mayo's motion to compel answers to interrogatories and requests for production. Defendants ("Scranton") filed objections several months after their answers were due claiming the interrogatories and requests were overly broad and burdensome. The Court will grant Mr. Mayo's motion in part and deny it in part for the reasons discussed below.

**BACKGROUND**

Timothy Mayo was hired as a police officer by the city of Scranton in 1990 and eventually became a detective. In July 2008, he was suspended and ultimately terminated for dereliction of duty. He was later reinstated. In his complaint, he alleges violation of his due process rights related to his termination. He also alleges that Ray Hayes, Scranton's Director of Public Safety, unlawfully leaked his suspension to the Scranton Times, injuring his reputation and placing him in a false light. His allegations are all brought under 42 U.S.C. § 1983.

After filing suit, Mr. Mayo served interrogatories and production requests on the

defendants. These included the following:

(1) Set One, Interrogatory 2 asked defendants to: "Identify each and every person, including telephone number and last known address, who you believe has knowledge of any facts relating to this matter, and give a detailed description of the knowledge possessed by each individual."

(2) Interrogatory 9 asked defendants to: "Identify each complaint, grievance, and/or charge of constitutional violation that has been filed against Ray Hayes, former Police Chief Elliot during their tenure of employment, and identify the substance of the allegations contained in the complaint and/or charge, the identity of the individual making the allegation(s), the date the complaint and/or charge was made, the resolution of the complaint and/or charge, and all documents reflecting such complaint and/or charge."

(3) Another interrogatory asked defendants to: "Identify each complaint, grievance, and/or charge of constitutional violation that has been filed against Ray Hayes, former Police Chief Elliot or his supervisors in the last five (5) years, and identify the substance of the allegations contained in the complaint and/or charge, the identity of the individual making the allegation(s), the date the complaint and/or charge was made, the resolution of the complaint and/or charge, and all documents reflecting such complaint and/or charge."

Mr. Mayo also asked for the following documents in Set One:

(4) Any and all training logs, documentation showing Defendant Ray Hayes, former Police Chief Elliot, or any other superiors training related to the policy that officials cannot make public disciplinary allegations from 2000 to present time.

(5) Any and all documents concerning any claim of constitutional violation made by any former or present employee or employment candidate of Defendant from 2003 to the present.

(6) Any and all training documents on constitutional rights, including but not limited to training logs, sign-off sheets, training material.

In Set Two, Mr. May asked defendants to:

(7) "Identify each City of Scranton police officer by name, home address, phone number, title, hire date, who was subject to any allegations of wrongdoing from January 2001 to the present, including description of wrong-doing, and discipline received."

Several months later, defendants objected, claiming these interrogatories and production requests were overly broad and burdensome. Defendants acknowledge their objections were untimely but claim this was unintentional. Mr. Mayo then filed a motion to compel. He claims defendants motions are untimely and boilerplate. The motion has been briefed and is ripe for review.

## DISCUSSION

Mr. Mayo's motion will be granted in part and denied in part because some of his interrogatories and document requests are overly burdensome and seek irrelevant material.

Fed. R. Civ. P. 26(b)(2)(C) provides:

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Federal Rule of Civil Procedure 33(b) provides in part:

The responding party must serve its [interrogatory] answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court . . . The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Fed. R. Civ. P. 34(b)(2) states in part:

The party to whom the [document production] request is directed must respond

3

> in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court . . . An objection to part of a request must specify the part and permit inspection of the rest.

Objections should be plain and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable. *Davis v. Fendler*, 650 F.2d 1154, 1159 (9th Cir.1981). The party asserting the objections must show specifically how each interrogatory is privileged or vague or overly broad. *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 296 (E.D.Pa.1980). Generally, in the absence of an extension of time, or for good cause, the failure to object to interrogatories within the time fixed by the Rule constitutes a waiver of any objection. *See, e.g., Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528,529 (E.D.Pa. 1999). However, though the power to order complete compliance with the requested discovery exists after the passing of the applicable answer or objection period, it is advisable that the court examine the discovery sought before granting a motion to compel. *Coregis Ins. Co.*, 187 F.R.D. at 530 (internal citation omitted).

Here, defendants objections to Mr. Mayo's interrogatories and requests for production were untimely. But the Court does not believe defendants should be subjected to unnecessary and burdensome discovery solely because their counsel inadvertently failed to file timely objections. The Court will thus examine the discovery requests in light of defendants' objections and Rule 26(b)(2)(C). The Court directs defendants to answer\provide the following, corresponding to the numbers in the background section above: (1) is to be answered in full; (2) and (3) are to be limited to court adjudications over due process claims made against the Chief of Police or his supervisors in the last eight years and injury to reputation and false light claims made against Mr. Hayes in the last eight years; (4) is to limited to the last eight years; (5) is overly broad, burdensome, and largely

irrelevant and the defendants need not provide these documents; (6) is limited to training materials used by the police department in the last five years; and (7) is also overly broad, burdensome, and irrelevant and the defendants need not provide these documents either.

## CONCLUSION

For the reasons stated above, the Court will grant Mr. Mayo's motion to compel discovery (Doc. 21) in part and deny it in part. Defendants will have thirty days to comply with this ruling.

An appropriate Order follows.

Date

A. Richard Caputo
United States District Judge