IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY MAYO,

    Plaintiff,

    v.

CITY OF SCRANTON, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-10-0935

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Before me is the Motion to Compel Appearance of City of Scranton Detective Sergeant Tim Harding (Doc. 46) filed by Plaintiff Timothy Mayo. Plaintiff served a federal subpoena on Mr. Harding to appear as a trial witness in this matter. Subsequently, the United States Attorney's Office for the Middle District of Pennsylvania contacted Plaintiff's counsel to inform her that Mr. Harding is a Task Force Officer ("TFO") for the Federal Bureau of Investigation ("FBI"). (Doc. 46, Attach. 4.) As such, the United States Attorney's Office indicated that in order to secure Mr. Harding's testimony in this proceeding, Plaintiff must comply with the regulations set forth in 28 C.F.R. §§ 16.21-16.29.

The Code of Federal Regulations contain the procedure for production or disclosure of any FBI information "acquired by any person while such person was an employee of the Department as a part of the performance of that person's official duties." 28 C.F.R. § 16.21(a). These procedures apply:

> In all federal and state proceedings in which the United States is not a party, including any proceedings in which the Department is representing a government employee solely in that employee's individual capacity, when a subpoena, order, or other demand (hereinafter collectively referred to as a 'demand') of a court or other authority is issued for such material or information.

28 C.F.R. § 16.21(a)(2). An employee of the Department "includes all officers and employees of the United States appointed by, or subject to the supervision, jurisdiction, or control of the Attorney General of the United States, including U.S. Attorneys, U.S. Marshals, U.S. Trustees, and members of the staffs of those officials." 28 C.F. R. §

16.21(b).

In a case in which the United States is not a party, an employee of the Department of Justice shall not disclose information or produce material acquired as part of the performance of that person's official duties without prior approval of the proper Department official. *See* 28 C.F.R. § 16.22(a).  And, to obtain approval for oral testimony in a case in which the United States is not a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony, must be provided to the responsible U.S. Attorney, and the statement must set forth "a summary of the testimony sought and its relevance to the proceeding." 28 U.S.C. § 16.22(c).

Rather than following these regulations to obtain Mr. Harding's testimony in this matter, Plaintiff filed the instant motion to compel. (Doc. 46.)  Plaintiff contends that Mr. Harding is not an FBI Special Agent.  Instead, Plaintiff asserts that Mr. Harding has previously testified that he was employed by the City of Scranton at an arbitration proceeding. (*Id*. at Attach. 2.)  Thus, Plaintiff argues that Mr. Harding should be compelled to testify at trial because there is "no rule or regulation that states that a City of Scranton employee cannot appear at trial in this matter." (Doc. 46, ¶ 6.)

Plaintiff's motion to compel will be denied.  While Plaintiff argues that Mr. Harding was not an FBI Special Agent, Mr. Harding previously testified that he was "assigned full time to the FBI Safe Streets Task Force." (Doc. 46, at Attach. 2.)  Based on this assignment to the FBI, Mr. Harding  was subject to the supervision, jurisdiction or control of the Department of Justice for purposes of 28 C.F.R. § 16.21(b).  Accordingly, to obtain Mr. Harding's testimony in this matter, Plaintiff must furnish an affidavit or statement to the responsible U.S. Attorney setting forth a summary of the testimony sought and its relevance to this proceeding.[1]  As Plaintiff has not complied with this procedure, (Doc. 46, Attach. 4), it would be improper to compel the testimony of Mr.

---

[1]  It is unclear from Plaintiff's motion what information he seeks to elicit from Mr. Harding at trial.  However, it appears that Mr. Harding is represented by the United States Attorney's Office on a related matter. (Doc. 46, Attach. 4.)

2

Harding. Plaintiff's motion will therefore be denied.

**NOW**, this 4th day of December, 2012, **IT IS HEREBY ORDERED** that the Motion to Compel Appearance of City of Scranton Detective (Doc. 46) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge